IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CEDRIC GREENE**,<br><br>                    Plaintiff,<br><br>v.<br><br>**FLORITTA GRAY**,<br><br>                    Defendants. | **REPORT AND RECOMMENDATION: DISMISS CASE FOR LACK OF SUBJECT MATTER JURISDICTION AND IMPROPER VENUE**<br><br>Case No.  2:16-cv-804-JNP-EJF<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Cedric Greene filed a Complaint against his Los Angeles landlord in the District of Utah on July 18, 2016.  (Compl. For Landlord Intentional Infliction of Emotional Distress (Compl.), ECF No. 3.)[1]  On July 27, 2016, the District Court issued an Order to Show Cause, instructing Mr. Greene to establish that the Court holds subject matter jurisdiction over his case, either through diversity jurisdiction or federal question jurisdiction, as well as proper venue.  (Order to Show Cause (OSC) 3, ECF No. 4.)  If Mr. Greene failed to show both requirements or failed to respond entirely, the Court indicated it would dismiss his case.  (Id.)  Mr. Greene responded to the Court's Order on September 1, 2016.  (Greene's Reply to the Dist. Ct.s' Order to Show Cause (Resp.), ECF No. 8.)  Mr. Greene fails to establish either subject matter jurisdiction or proper venue in his Response and the undersigned RECOMMENDS the District Court dismiss Mr. Greene's Complaint.[2]

---

[1] On August 22, 2016, District Judge Jill N. Parrish referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 7.)
[2] Pursuant to DUCiv R 7-1(f), the undersigned finds oral argument unnecessary and will make its  recommendation based on the Complaint and written memoranda.

**DISCUSSION**

Before ruling on the merits of a case, the Court must determine whether it holds subject matter jurisdiction over Mr. Greene's claims. See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 430–31 (2007) (requiring findings of subject-matter and personal jurisdiction prior to reaching a case's merits). Federal district courts hold limited subject matter jurisdiction; the Constitution and acts of Congress set forth the scope of their authority. Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004). Even when no party questions subject matter jurisdiction a federal court holds "an independent obligation to determine whether subject-matter jurisdiction exists." 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006). "Parties cannot confer on a federal court jurisdiction which has not been granted by the Constitution and Congress, and parties cannot waive lack of subject matter jurisdiction." Henry v. Office of Thrift Supervision, 43 F.3d 507, 511 (10th Cir. 1994).

Subject matter jurisdiction arises through one of two ways. First, Congress grants federal district courts authority "over 'all civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between ... citizens of different States,'" authority known as diversity jurisdiction. Grynberg v. Kinder Morgan Energy Partners, L.P., 805 F.3d 901, 905 (10th Cir. 2015), cert. denied, — U.S. —, 136 S. Ct. 1714 (2016) (quoting 28 U.S.C. § 1332). Second, Congress provides the federal district courts with federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." Firstenberg v. City of Santa Fe, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting 28 U.S.C. § 1331).

The Court does not hold diversity jurisdiction over Mr. Greene's claims. 28 U.S.C. § 1332 requires the amount in controversy in a civil action to exceed $75,000 to trigger diversity jurisdiction. Mr. Greene's Complaint "seeks damages in the sum of $30,000.00." (Compl. 2, ECF No. 3.) In his response to the Court's Order to Show Cause, Mr. Green concedes that the matter in controversy "does not exceed $75,000.00." (Resp. 1-2, ECF No. 8.) The amount in controversy serves as a requirement to invoke federal jurisdiction through diversity jurisdiction. See McPhail v. Deere & Co., 529 F.3d 947, 952 (10th Cir. 2008) (describing amount in controversy as requirement of subject matter jurisdiction under § 1332). While Mr. Greene concedes his allegations assert less than $75,000 in controversy, he argues "the matter should remain in this jurisdiction." (Reply 2, ECF No. 8.) However, because the amount in controversy stands as a prerequisite to invoking jurisdiction the Court cannot entertain Mr. Greene's wishes.

Mr. Greene ignores the Court's additional instruction regarding diversity jurisdiction: "Mr. Green must allege both his own and Ms. Gray's citizenship." (OSC 1, ECF No. 4.) To invoke diversity jurisdiction, "the citizenship of all defendants must be different from the citizenship of all plaintiffs." McPhail, 529 F.3d at 951. Consideration of subject matter jurisdiction includes a determination as to whether diversity of citizenship exists and must occur prior to reaching the merits of an action. Lompe v. Sunridge Partners, LLC, 818 F.3d 1041, 1046 (10th Cir. 2016) (describing a court's obligation to determine whether jurisdiction exists). In its Order to Show Cause, the Court noted Mr. Greene's Complaint lacked sufficient allegations to establish the citizenship of the parties on its face. (OSC 1, ECF No. 4.) Mr. Greene's response

includes no further allegations and omits any discussion of the requirement. (See Reply, ECF No. 8.)

Mr. Greene's Complaint fails to identify any federal law, treaties, or constitutional issue that would grant the Court federal question jurisdiction over his action. (See Compl., ECF No. 3; OSC 2, ECF No. 4 (citing 28 U.S.C. § 1331).) Mr. Greene's response raises no new arguments to support federal question jurisdiction. (See Reply, ECF No. 8.) Mr. Greene cites one federal statute in his response, 28 U.S.C. § 455(b)(1), to support his theory that this Court should disqualify other federal venues from hearing his claim. (Id. at 3-4.) While unclear, Mr. Greene's legal history in other venues – including the issuance of "vexatious litigant order[s]" – seems to have led Mr. Greene to believe these other courts should be disqualified. (Id. at 2-3.) Following this logic, after disqualifying these alternate venues, proper venue somehow defaults to the District of Utah. (Id.) This argument makes no progress in establishing federal question jurisdiction. Mr. Greene brings a civil action against Floritta Gray. To establish federal question jurisdiction, such action must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Mr. Greene makes no such allegations. Furthermore, while a private party may utilize 28 U.S.C. § 455, the statute serves as a tool for recusal of a judge overseeing a proceeding. See, for example, United States v. Mendoza, 468 F.3d 1256, 1261–62 (10th Cir. 2006) (analyzing defendant's motion to disqualify district court judge in his criminal proceeding). Mr. Greene does not use § 455 in this manner. Rather Mr. Greene asks the District of Utah to disqualify "California and Nevada Court venues" unilaterally. (Reply 2-3, ECF No. 8.) Nothing in the case

law suggests one can use § 455 in this manner, and nothing in the Constitution suggests one federal court may revoke the venue of another.

Mr. Greene's discussion of venue fails to establish any of the three scenarios in which the District of Utah would hold proper venue. Under 28 U.S.C. § 1391(b),

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Mr. Greene fails to allege either that: (1) Mrs. Gray resides in the District of Utah, (2) a substantial part of the events occurred in the District of Utah, or (3) no other district exists where Mr. Green can bring the action and that Ms. Gray is subject to personal jurisdiction in the District of Utah. (See Compl., ECF No. 3; Reply, ECF No. 8.) Therefore, Mr. Greene's allegations fall short of proving proper venue in this District.

Mr. Greene requests that, should the Court conclude no jurisdiction exists, the Court transfer his case to a Utah state court. No such power to transfer exists. See McLaughlin v. Arco Polymers, Inc., 721 F.2d 426, 428–29 (3d Cir. 1983) (discussing court's power to transfer to another federal court through 28 U.S.C. § 1631 or to return/remand a case to state court through 28 USC § 1447(c)); see also Xie v. Univ. of Utah, No. 2:04 CV 864 TC, 2006 WL 753003, at *2 (D. Utah Mar. 22, 2006) (citing McLaughlin, 721 F.2d at 428–29) ("Accordingly, this court lacks the authority to grant [plaintiff's] transfer request."). The undersigned concludes the District Court lacks authority to address this request.

5

## RECOMMENDATION

For the reasons stated above, the undersigned RECOMMENDS the District Court dismiss Mr. Greene's civil action for lack of subject matter jurisdiction and improper venue. The issues outlined in the Court's Order to Show Cause remain largely unaddressed and uncured by Mr. Greene's subsequent response.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of the Court, pursuant to 28 U.S.C. § 636(b) and Rule 72(b), within fourteen (14) days of service thereof. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 14th day of July 2017.

BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge