IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CEDRIC GREENE**,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>**FLORITTA GRAY**,<br><br>　　　　　　Defendants. | **REPORT AND RECOMMENDATION: PLACING FILING RESTRICTIONS ON CEDRIC GREENE**<br><br>Case No.  2:16-cv-804-JNP-EJF<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

Pro se litigant Cedric Greene has a history of filings with the District of Utah. Every single closed case resolved identically – dismissal by the District Court for lack of jurisdiction.  These cases include:

- Greene v. Sprint Nextel Corp., 2:16-cv-676-CW
- Greene v. Greyhound Lines, Inc., 2:16-cv-703-BSJ
- Greene v. Logisiticare Solutions, 2:16-cv-755-BSJ
- Greene v. Inglewood Housing Authority et al, 2:16-cv-838-DS
- Greene v. Tennessee Board of Judicial Court, 2:17-cv-175-BSJ
- Greene v. Frontier Airlines, 2:17-cv-319-TS

Mr. Greene additionally holds five pending cases in the District of Utah, three of which were referred to the undersigned Magistrate Judge.  These three cases are:

- Greene v. Access Services, 2:16-cv-1272-CW-EJF
- Greene v. Harris et al, 2:17-cv-276-DN-EJF
- Greene v. Gray, 2:16-cv-804-JNP-EJF

The undersigned recommended the District Court dismiss each of the three cases for lack of subject matter jurisdiction.  Greene v. Access Services, 2:16-cv-1272-

1

CW-EJF (R. & R.: Dismiss Case for Lack of Subject Matter Jurisdiction, Improper Venue, and Lack of Standing, ECF No. 6); Greene v. Harris et al, 2:17-cv-276-DN-EJF (R. & R.: Dismiss Case for Lack of Subject Matter Jurisdiction and Improper Venue, ECF No. 6); Greene v. Gray, 2:16-cv-804-JNP-EJF (R. & R.: Dismiss Case for Lack of Subject Matter Jurisdiction and Improper Venue, ECF No. 10).

Viewed in totality, a clear pattern emerges. Mr. Greene repeatedly files cases in this District that the District of Utah holds no jurisdiction over. Mr. Greene cannot explain constitutional bases for the Court's jurisdiction when asked to do so. (See, for example, Greene's Reply to the Dist. Court's Order to Show Cause, ECF No. 8.) Rather, Mr. Greene explains that other district courts in the Ninth Circuit "all came together and issued the identical vexatious litigant order," and therefore he now brings his claims in Utah. (Id. at 2-3.) Nothing in Mr. Greene's filings indicate he has any connection to Utah.

The undersigned RECOMMENDS the District Court find Mr. Greene a vexatious litigant and designate him as a restricted filer in the District of Utah. Accordingly, the Court should issue the following restrictions on any future pleadings Mr. Greene may attempt to file:

> (1) new complaints sent to the court for filing will be collected by the Clerk of Court and sent to a Magistrate Judge for review; (2) the Magistrate Judge will review the complaint to determine whether it is meritorious, duplicative, or frivolous; (3) if the Magistrate Judge determines that the complaint is without merit, duplicative, or frivolous, the Magistrate Judge will forward the complaint to the Chief Judge for further review; and (4) only with the consent of the Chief Judge will the complaint be filed.

## RECOMMENDATION

For the reasons stated above, the undersigned RECOMMENDS the Court

implement restrictions on Mr. Greene's ability to file new cases in the District of Utah.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of the Court, pursuant to 28 U.S.C. § 636(b) and Rule 72(b), within fourteen (14) days of service thereof.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 17th day of July 2017.

BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge