IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CEDRIC GREENE,<br><br>        Plaintiff,<br><br>  v.<br><br>FLORITTA GRAY,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**<br><br>Case No. 2:16-cv-00804-JNP-EJF<br><br>Judge Jill N. Parrish<br>Magistrate Judge Evelyn J. Furse |

*Pro se* Plaintiff Cedric Greene brought this action seeking damages from his landlord, Defendant Floritta Gray, arising from alleged violations of California state law. (Docket No. 3). The court referred this matter to Magistrate Judge Evelyn J. Furse pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket No. 7). On July 14, 2017, Magistrate Judge Furse entered a Report and Recommendation, recommending that Plaintiff's civil action be dismissed for lack of subject matter jurisdiction and improper venue. (Docket No. 10). On July 18, 2017, Magistrate Judge Furse entered a second Report and Recommendation, recommending that Plaintiff be declared a vexatious litigant and that the court place certain restrictions on his ability to file any future pleadings in this District. (Docket No. 11). Both reports informed Plaintiff of his right to object within fourteen days of service. On July 31, 2017, Plaintiff filed an Objection. (Docket No. 12).

In his Objection, Plaintiff makes arguments regarding his convoluted interactions with other jurisdictions and his status as an "unrestricted free agent" for purposes of jurisdiction and venue. (*Id.* at 2). The court concludes that these arguments are ultimately undecipherable from a

legal standpoint and raise no cognizable objection to the Magistrate Judge's reports. In essence, Plaintiff simply repeats his grievances with other jurisdictions that have dismissed his actions and declared him a vexatious litigant. This does not state a viable objection to the Magistrate Judge's well-reasoned and thorough reports. Because Plaintiff has not identified any legal or evidentiary issue that might call into question the reasoning or conclusions of Judge Furse, his objections fail to preserve any such issue for de novo review. *See United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objection to the magistrate judge's report and recommendation must be both timely and *specific* to preserve an issue for de novo review by the district court." (emphasis added)); FED. R. CIV. P. 72(b)(3) (indicating that the district court need only conduct de novo review for any issue "that has been properly objected to"). Where, as here, no viable objection has been filed, the court need only satisfy itself that there is no clear error on the face of Judge Furse's reports. *See* FED. R. CIV. P. 72(b)(3) (1983 adv. comm. note). The court finds no clear error and therefore adopts Judge Furse's reports in full. Even a *de novo* review of the record, the relevant legal authorities, and Judge Furse's analysis reveals no errors.

In short, the court agrees with Judge Furse that Plaintiff has utterly failed to state a basis for subject matter jurisdiction or proper venue in this court. Given his history of improper and sometimes entirely baseless litigation both in this District and in other federal courts, the court further agrees with Judge Furse that Plaintiff should be identified as a vexatious litigant and that restrictions on his ability to file new cases should be imposed as outlined in the report and recommendation.[1]

---

[1] Judge Furse recommends, and this court agrees, that the following restrictions be placed on any complaint filed by Plaintiff in the future:

If his claims are to be dismissed from this court, Plaintiff requests in the alternative that this court transfer his action to a Utah state court for adjudication. The court denies this request. As Judge Furse rightly explained, no such authority to transfer is vested in federal courts. *See McLaughlin v. Arco Polymers, Inc.*, 721 F.2d 426, 428–29 (3d Cir. 1983); *Xie v. Univ. of Utah*, No. 2:04-cv-00864-TC, 2006 WL 753003, at *2 (D. Utah Mar. 22, 2006) (unpublished).

After careful de novo review of the relevant authorities, Plaintiff's Objection, and the record, the court concludes as follows:

1) Plaintiff's objection (Docket No. 12) is hereby **OVERRULED**.

2) Having reviewed the Magistrate Judge's Reports (Docket Nos. 10, 11), the court hereby **ADOPTS** the reports and accompanying recommendations in full.

3) As recommended by the Magistrate Judge, the above-captioned action is hereby **DISMISSED** without prejudice for lack of subject matter jurisdiction and improper venue.

4) As recommended by the Magistrate Judge, the court hereby imposes on Cedric Greene the filing restrictions outlined in the Magistrate Judge's report and recommendation. (Docket No. 11, at 2). Those restrictions are as follows:

    a. Any new complaints sent to the court by Mr. Greene for filing will be collected by the Clerk of Court and sent to the Magistrate Judge for review;

    b. The Magistrate Judge will review the complaint to determine whether it is meritorious, duplicative, or frivolous;

---

(1) new complaints sent to the court [by Plaintiff] for filing will be collected by the Clerk of Court and sent to the Magistrate Judge for review; (2) the Magistrate Judge will review the complaint to determine whether it is meritorious, duplicative, or frivolous; (3) if the Magistrate Judge determines that the complaint is without merit, duplicative, or frivolous, the Magistrate Judge will forward the complaint to the Chief Judge for further review; and (4) only with the consent of the Chief Judge will the complaint be filed.

(Docket No. 11, at 2).

c. If the Magistrate Judge determines that the complaint is without merit, duplicative, or frivolous, the Magistrate Judge will forward the complaint to the Chief Judge for further review; and

d. Only with the consent of the Chief Judge will the complaint be filed.

**IT IS SO ORDERED** this 25th day of August, 2017.

BY THE COURT:

JILL N. PARRISH
United States District Judge